## Case No. 9,824.

### In re MORRIS et al.

[19 N. B. R. 111; 19 Alb. Law J. 281; 36 Leg. Int. 215; 26 Pittsb. Leg. J. 121.] [1]

District Court, W. D. Pennsylvania. March 7, 1879.

BANKRUPTCY—DISCHARGE—BY DECREE OF COURT—COMPOSITION PROCEEDINGS—PECUNIARY CONSIDERATION TO CREDITOR.

No act done in composition proceedings, though of the description of the offence mentioned in the eighth clause of section 5110, Rev. St., can be set up against the discharge of a bankrupt by decree of the court.

Rule to show cause why the specifications of objections filed should not be stricken off as insufficient in law, and the said petitioners [Morris and Nathan Morganstern] be discharged.

Malcolm Hay, for opposing creditors.
S. Schayer, Jr., for bankrupts.

KETCHUM, District Judge. The specifications of objections to discharge in this case are filed under the eighth clause of section 29 of the act of March 2, 1867,—section 5110, Rev. St. [14 Stat. 531],—which reads as follows: "If the bankrupt, or any person in his behalf, has procured the assent of any creditor to his discharge, or influenced the action of any creditor at any stage of the proceedings by any pecuniary consideration or obligation, his discharge shall not be granted." It is charged that the petitioners, in proceedings in composition in this case, by pecuniary consideration or obligation, influenced certain creditors to contribute their votes to constitute the legal quorum to adopt the resolution. That the sum of eighteen hundred dollars was promised the said creditors on confirmation of the composition, and that said creditors voted for the composition. The composition failed for want of sufficient votes, and the bankrupts have gone through bankruptcy up to the application for discharge. Can the specifications, if true, defeat their discharge? Does the clause "at any stage of the proceedings" include the composition proceedings? Composition proceedings under the bankrupt law are, no doubt, proceedings in bankruptcy: but are they so to be considered with reference to the prohibitory clause denying the bankrupt his discharge for the causes therein set forth? Proceedings in composition constitute a mode of distributing pro rata the value of the estate of the debtor according to the estimate of a quorum of creditors, subject to the approval of the court. The proceedings are chiefly an amicable arrangement between the debtor and his creditors. The debtor has simply to pay what he has agreed to pay, and he is ipso facto discharged. No penalties are provided for punishing specified offences of the parties. The arrangement is left to the approval or non-approval of the court, looking only to the question: What is best for all concerned, according to equity and justice? If adopted and carried out, it ends the bankruptcy, and the bankrupt discharges himself.

Composition was not thought of when the section embracing the clause referred to was enacted. For more than seven years before composition was engrafted on our system of bankruptcy men were discharged by decree of the court; and all that time this section containing this clause was in force, and of course was only aimed at the offences specified as taking place in regular bankruptcy. There is nowhere in the law any provision extending this clause to things done in composition as if done in bankruptcy. It could not operate on discharge in composition if it were extended. Composition has its own discharge, which could not be reached by it. The clause is penal in its nature, and cannot be extended by mere implication.

Composition and bankruptcy are both complete systems looking to different modes of discharge. Neither requires the other, nor, after the original petition, is any part of the one proceedings in the other. The proceedings in bankruptcy of themselves alone, and excluding entirely the proceedings in composition, form the basis of the decree of discharge. Not without the most miscellaneous confusion of two entirely different proceedings can anything done at any time in composition proceedings be called "any stage of the proceedings" in bankruptcy resulting in a decree for a discharge. I do not think anything wrong done in composition proceedings, though of the description of the offence in this clause can be set up against the discharge of the bankrupts by decree of the court.

Rule absolute.